Me. Chief Justice Johnson delivered the opinion of the Court. The fact that the accused was the same individual that had been convicted of larceny in the Johnson Circuit Court, was a matarial and traversable averment in this indictment, and by coming in and pleading the general issue, he did not admit his identity in respect to that conviction. The offence charged upon the defendant in the Court below, can be committed by a convict only, and in order to fix that character upon him it devolves upon the State to prove his conviction by the record, and his personal identity by proof aliunde. That the record shows that a person of the same name was convicted of larceny in the Johnson Circuit Court, by no means proves that the present defendant was thus convicted. That he was the identical individual which the record of that Court purports to have been convicted, is a question of fact, and that it clearly devolves upon the State to make out before she can claim a conviction for the offence charged in the present indictment. We do not conceive that, in order to show the fact of his identity, it would be essential for a witness expressly to testify that he was present at the former trial, and that he knew the present defendant to be the same identical individual who was then and there put upon his trial and actually convicted of the crime of larceny. This most unquestionably could be established by circumstantial evidence. The fact that a particular person had been brought and delivered to the keeper of the Penitentiary by the Sheriff of a certain county, or a person representing himself as such Sheriff, or others acting under his authority, and then of his having escaped and been recaptured, all this when taken in connection with the record showing upon its face the conviction of a party of the same name, would raise a strong presumption of identity, and, if not rebutted, would fully warrant the Jury in inferring that he was the identical individual which the record purported to have been convicted. There was no error therefore in the instruction given by the Court that the Jury could not find the defendant guilty unless they are satisfied from the evidence that he was the same identical Westley Murphy who was so convicted and sentenced as represented in the record of the Johnson Circuit Court. Had the Attorney General called the attention of the Court to the facts actually proven, and asked that they might be given in charge as competent evidence, it would doubtless have been done, but if not, the State could have properly complained. The circumstance that the same individual had submitted to his punishment by going into the Penitentiary raises a strong presumption that he was the identical party, who is shown by the record to have been convicted of larceny.— The Court committed no error in refusing the instruction asked by the Attorney General. The judgment is therefore affirmed.